UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMAR ALI NORMAN,

          Petitioner,

v.

STEVE SINCLAIR,

          Respondent.

Case No. C13-871-RSL-JPD

ORDER DENYING MOTIONS TO AMEND HABEAS PETITION AND APPOINT COUNSEL

## I.  INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court upon petitioner's December 13, 2013 motion to amend his federal habeas petition by adding two additional grounds for relief, Dkt. 18, and January 21, 2014 motion to appoint counsel, Dkt. 22.  For the reasons discussed below, petitioner's motions are DENIED.

## II.  DISCUSSION

A.  <u>Petitioner's Motion to Amend Habeas Petition to Add Unexhausted Claims is Denied for Failure to Show Cause and Prejudice for Procedural Default</u>

In petitioner's December 13, 2013 motion to amend his federal habeas petition by adding two additional grounds for relief, Dkt. 18, petitioner asks the Court to consider two claims that

ORDER DENYING MOTIONS TO
AMEND HABEAS PETITION AND
APPOINT COUNSEL - 1

were denied by the Washington State Court of Appeals in his prior personal restraint petition ("PRP") but were never presented to the Washington Supreme Court.[1]  The Court of Appeals dismissed petitioner's PRP on the merits on April 22, 2013.  Dkt. 13, Ex. 36.  Petitioner did not seek discretionary review by the Washington Supreme Court within thirty days.  *See* RAP 13.5(a); RAP 16.14(c).  The Court of Appeals issued its certificate of finality on June 5, 2013.  Dkt. 30, Ex. 37.  This federal habeas action was initiated on petitioner's behalf by another inmate on May 22, 2013, ostensibly because petitioner was "in the hole and physically and mentally unable to file this" because "he is without any of his property and legal papers, nor does he have material to even write the writ."  Dkt. 4 at 1.[2]

When a petitioner fails to properly exhaust his state court remedies and the court to which petitioner would be required to present his claims in order to satisfy the exhaustion requirement would now find the claims to be procedurally barred, there is a procedural default for purposes of federal habeas review.  *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).  Respondent has carried his burden of showing that plaintiff's two additional claims are procedurally defaulted by adequate and independent state grounds for denying relief.  Under Washington law, a defendant may not collaterally challenge a conviction more than one year after the conviction becomes final.  *See* RCW 10.73.090(1).  Petitioner's conviction became final for purposes of state law on April 4, 2012, the date that the Court of Appeals issued its mandate.  *See* RCW 10.73.090(3)(b) (one-year time limit for collateral actions).  Because more than one year has passed since his

---

[1] Petitioner's proposed habeas claims 11 and 12 challenge the trial court's "failure to sever count 1 from count 2" and "failure to bifurcate the ex-felon in possession of a weapon, count 3 & count 4 from count 1 & 2."  Dkt. 18 at 1-14.

[2] The Court directed petitioner to either adopt the petition by submitting properly executed signature pages, or file an amended habeas petition within thirty days.  Dkt. 10.  Petitioner filed an amended petition in September 2013.  Dkt. 11.

ORDER DENYING MOTIONS TO
AMEND HABEAS PETITION AND
APPOINT COUNSEL - 2

1  judgment became final, petitioner's additional claims are now time-barred in state court.

2  Moreover, Washington law prohibits the filing of successive collateral challenges absent a

3  showing of good cause.  *See* RCW 10.73.140.

4  When a state prisoner defaults on his federal claims in state court pursuant to an

5  independent and adequate state procedural rule, federal habeas review of the claims is barred

6  unless the prisoner can demonstrate (1) cause for the default and (2) actual prejudice as a result

7  of the alleged violation of federal law, or alternatively, demonstrate that failure to consider the

8  claims will result in a fundamental miscarriage of justice.  *Coleman v. Thompson,* 501 U.S. 722,

9  750 (1991).  To show "cause", the petitioner must show that some objective factor, external to

10  the petitioner, prevented compliance with the state's procedural rule.  *Id*. at 753.  For example, a

11  petitioner can demonstrate "cause" by showing interference by state officials, the unavailability

12  of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel.

13  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," the petitioner "must

14  shoulder the burden of showing, not merely that the errors at his trial created a possibility of

15  prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire

16  trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982)

17  (emphasis in original).

18  In the instant motion, petitioner asks the Court to consider the merits of his two

19  unexhausted claims because he has shown "cause" and "prejudice" to excuse his procedural

20  default.  Dkt. 18.  Petitioner argues that he was unable to file his motion for discretionary review

21  with the Washington Supreme Court within the 30-day limit because he "was in I.M.U.

22  (Intensive Management Unit) [at Washington State Penitentiary ("WSP")] when he received the

23

ORDER DENYING MOTIONS TO
AMEND HABEAS PETITION AND
APPOINT COUNSEL - 3

Order Dismissing Personal Restraint [petition]" from the Court of Appeals, and although he sent his counselor a kite requesting access to his legal property and the law library to prepare his motion for discretionary review, he was denied such access. *Id.* at 9.  Petitioner has provided a copy of this kite, and his counselor's response, as Exhibit A to his motion.  The kite confirms that petitioner explained the circumstances of his pending deadline for his motion for discretionary review, and requested access to "things from the law library and from my property."  Dkt. 18, Ex. A.  Counselor Buttice responded that "All I can do is have Sgt Lesser add you to the extra supply list, which I will do. For notary – kite law library. For property – kite CO Gonzales."  *Id.*  Petitioner contends that "as shown in the kite all the counselor did was tell Norman they were [going] to add him to the extra supply list, which makes no sense if Norman does not have his legal property and can't access the legal library[.]"  Dkt. 18 at 9. Petitioner asserts that the denial of access to the law library and his legal papers violated his right to access to the courts.  *Id.*

Respondent filed a response to petitioner's motion to amend on December 17, 2013, pointing out that petitioner's April 24, 2014 kite demonstrates that he was aware that a motion for discretionary review was due within 30 days. Dkt. 19 at 2.  Nevertheless, petitioner did not file a motion for discretionary review within that period and "instead of seeking discretionary review, Norman filed a federal habeas petition with this Court on May 22, 2013."  Dkt. 19 at 3.[3] Respondent did not address petitioner's argument that he was denied access to legal materials, and therefore access to the courts.

---

[3] Respondent fails to mention that this federal habeas action was actually initiated on petitioner's behalf by another inmate while petitioner was in the IMU in May 2013, as discussed above, and the Court subsequently allowed petitioner an opportunity to file a (properly executed) amended petition upon his release into general population.  Dkt. 10; Dkt. 17.

ORDER DENYING MOTIONS TO
AMEND HABEAS PETITION AND
APPOINT COUNSEL - 4

In his reply, petitioner reiterates that he had every intention of exhausting his state remedies by filing his motion for discretionary review with the Washington Supreme Court within the 30-day limit but he "can only have access to his legal property, and the law library after his counselor verifies he has a legal deadline, which the counselor did not do." Dkt. 20 at 2. Petitioner argues that he was denied access to the courts by his counselor's negligence, which establishes "cause" for his default, and these errors "prejudice[d] Norman." *Id*. at 3.

By Order dated January 17, 2014, the Court ordered respondent to file a surreply. Dkt. 19. Specifically, the Court directed respondent to address petitioner's argument that the correctional staff at the WSP IMU, where petitioner was housed after his PRP was denied in April 2013, negligently failed to take the necessary steps to guarantee petitioner's access to legal materials, thereby causing his default in the state courts. *Id*.

In the surreply, respondent asserts that petitioner was not effectively denied access to the courts during the time period of April-May 2013 because he was incarcerated in the IMU. Dkt. 23 at 2. On the contrary, respondent argues that "Norman had access to his own legal property in the IMU and was aware of what he had to do in order to obtain materials from the prison law library." *Id*. In support of these arguments, respondent submits a declaration of Shari Hall, Legal Liaison Officer with the Department of Corrections ("DOC") at the WSP, as well as copies of the DOC policies and WSP institutional policies governing offender access to legal materials and other related services. Dkt. 24.

The Court agrees with respondent that petitioner cannot overcome his procedural default because he has failed to demonstrate cause for the default and actual prejudice. *See Coleman*, 501 U.S. at 750. As argued by respondent, DOC and WSP policies ensure that petitioner

ORDER DENYING MOTIONS TO
AMEND HABEAS PETITION AND
APPOINT COUNSEL - 5

1  maintained access to legal materials and personal property despite his incarceration in the IMU

2  from April-May 2013.  Specifically, DOC Policy 590.500, which sets forth the general standards

3  for offender legal access, along with the WSP IMU policy regarding inmate access to legal

4  property, provides that a prisoner in the IMU is allowed to have one 10"x12"x18" box of legal

5  property in his cell at all times if the offender has a "confirmed court deadline," and can obtain

6  more of his legal property if it exceeds that one-box volume through written authorization from

7  the Superintendent.  *See* Dkt. 24 at ¶ 5 (Hall Decl.); Dkt. 24, Att. A at VI(G)-(H); Dkt. 24, Att. C

8  at § 6D(1)(C).  Although an offender in the IMU may not attend the law library, he may submit a

9  kite to the law librarian to bring him specified print legal materials to his cell.  Dkt. 24 at ¶ 6

10  (Hall Decl.); Dkt. 24, Att. A at IX(A)(3); Dkt. 24, Att. B at IX(A)(3); Dkt. 24, Att. C at § 6G.

11  Petitioner appears to have been well aware of these procedures, as all IMU prisoners are

12  provided with a copy of an IMU handbook explaining procedures to access materials from the

13  law library and legal property, and petitioner has been incarcerated in the IMU on at least three

14  occasions prior to April 2013.  Dkt. 24 at ¶¶ 7, 9 (Hall Decl.).

15      Petitioner has not shown that these procedures were not followed.  Rather, it appears that

16  petitioner took no steps, apart from sending a single kite to his counselor, to follow these

17  procedures in order to file a timely motion for discretionary review with the Washington

18  Supreme Court.  For example, in response to the April 2013 kite petitioner sent to his counselor

19  requesting access to the law library and his legal property, his counselor advised petitioner

20  regarding who he needed to contact to obtain access to the law library and his legal property.

21  *See* Dkt. 18, Ex. A ("All I can do is have Sgt Lesser add you to the extra supply list, which I will

22  do.  For notary – kite law library.  For property – kite CO Gonzales.").  It appears that petitioner

23

ORDER DENYING MOTIONS TO
AMEND HABEAS PETITION AND
APPOINT COUNSEL - 6

1  chose not to kite these individuals, as instructed.  During petitioner's stay in the IMU from April
2  17 through May 24, 2013, he did not submit any requests for access to legal materials from the
3  law library.  Dkt. 24 at ¶ 8 (Hall Decl.).  Petitioner was allowed one 10"x12"x18" inch box of
4  legal materials in his cell, and he did not submit any requests to swap out these materials for
5  additional legal materials from his personal property or requests for Superintendent authorization
6  to keep additional boxes of legal materials in his cell.  *Id.*  In fact, the only request received from
7  petitioner during the relevant time period was the single kite to his counselor on or about April
8  25, 2013, which was construed as a request for additional writing materials (pens, paper, etc.),
9  and immediately approved.  Dkt. 24, Att. D (approval email).

10  Accordingly, the Court agrees with respondent that petitioner has not shown that he was
11  unable to timely prepare and mail legal pleadings to the Washington Supreme Court to exhaust
12  his claims due to conditions in the WSP IMU.  Petitioner has therefore failed to show that the
13  staff at the WSP IMU caused his procedural default in the state courts.[4]  It is therefore not
14  necessary for the Court to consider petitioner's additional habeas claims on the merits because
15  they are procedurally defaulted, and not excused by a showing or cause and prejudice or an
16  implication of a miscarriage of justice.  Petitioner's motion to amend his habeas petition, Dkt.
17  18, is DENIED.

18  B.  Petitioner Has Failed to Show that Appointment of Counsel is Warranted

19  Petitioner contends that "he meets the standards for appointment of counsel pursuant to
20  28 U.S.C. § 3006A . . . [and] Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in
21  the United States District Courts."  Dkt. 22 at 1.  Petitioner acknowledges that appointment of

---

[4] As petitioner has failed to show cause for his procedural default, it is unnecessary to address the issue of prejudice.

ORDER DENYING MOTIONS TO
AMEND HABEAS PETITION AND
APPOINT COUNSEL - 7

1 counsel is not typically necessary in a habeas case unless the district court determines that an
2 evidentiary hearing is required. *Id*. at 2. However, petitioner asserts that an evidentiary hearing
3 should be held in this case, and that counsel is necessary "in order to receive accumulated
4 discovery" and help petitioner prepare "an adequate defense in drafting and completing his
5 brief/appeal within this Court." *Id*. at 2-3. Finally, petitioner argues that the fact of his
6 imprisonment "greatly limit[s] his ability to litigate, the issues involved in this case are
7 complex," and counsel would better enable petitioner to present his claims. *Id*. at 3. Respondent
8 opposed petitioner's motion on January 30, 2014. Dkt. 25.

9   There is no right to have counsel appointed in cases brought under 28 U.S.C.
10 § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429
11 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); Rule 8(c) of the Rules
12 Governing Section 2254 Cases in the United States District Courts. At this juncture, it does not
13 appear that an evidentiary hearing will be required in this matter. The Court may exercise its
14 discretion to appoint counsel for a financially eligible individual where the "interests of justice so
15 require." 18 U.S.C. § 3006A. However, petitioner fails to demonstrate that the interests of
16 justice are best served by appointment of counsel in this matter. Petitioner's motion for
17 appointment of counsel, Dkt. 22, is therefore DENIED without prejudice.

18   The Clerk is directed to send a copy of this Order to both parties and to the Honorable
19 Robert S. Lasnik.

20   DATED this 10th day of February, 2014.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING MOTIONS TO
AMEND HABEAS PETITION AND
APPOINT COUNSEL - 8